**ENVIRONMENTAL DEFENSE FUND, INC., et al., Appellants,**

v.

**Howard H. CALLAWAY, Secretary of the Army, et al., Appellees.**

**No. 74–1011.**

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1974.

Decided June 3, 1974.

---

Arthur A. Benson, II, Kansas City, Mo., for appellants.

Eva R. Datz, Atty., Dept. of Justice, Washington, D. C., Lyman Field and F. Philip Kirwan, Kansas City, Mo., for appellees.

Before MATTHES, Senior Circuit Judge, ROSS, Circuit Judge, and VAN PELT, Senior District Judge.*

PER CURIAM.

This action arises under the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. § 4321 et seq., and presents the issue of whether or not an Environmental Impact Statement (EIS) filed under section 102 of NEPA is adequate to meet the requirements of that statute. The district court held that the EIS was adequate and refused to give the plaintiffs the injunctive relief they sought. We affirm that decision.

This litigation centers around the Harry S. Truman Dam and Reservoir Project being built by the U. S. Army Corps of Engineers (Corps) on the Osage River in west central Missouri.

Originally the plaintiffs brought an action in the District Court for the Western District of Missouri seeking a declaration that an EIS was required for the project under NEPA and also seeking to enjoin all activities on the project until one was properly filed. District Judge John W. Oliver agreed that an EIS should be filed but refused to enjoin all ongoing activities related to the project. Environmental Defense Fund, Inc. v. Froehlke, 348 F.Supp. 338 (W.D.Mo. 1972). Plaintiffs appealed to this Court, claiming that an injunction against all ongoing activities should have been issued. This Court affirmed Judge Oliver's decision. Environmental Defense Fund, Inc. v. Froehlke, 477 F.2d 1033, 1037 (8th Cir. 1973).

In the course of that earlier opinion we noted that the district court had retained jurisdiction of the matter and would have an opportunity to rule on the sufficiency of the EIS and "to review, under the arbitrary and capricious test, the decision made by the defendants with respect to proceeding with the project." *Id.* at 1037. After the final EIS was completed the plaintiffs renewed their plea to have the EIS declared inadequate by the court and again asked for blanket injunctive relief until such time as an adequate statement was filed. Plaintiffs also sought review of the decision to continue with the project, claiming that the Corps had acted arbitrarily and capriciously.

In a lengthy Memorandum Opinion Judge Oliver rejected the plaintiffs' claims and refused to grant an injunction. Environmental Defense Fund, Inc. v. Froehlke, 368 F.Supp. 231, 234 (W.D. Mo.1973). He specifically found that the impact statement met all the requirements of section 102(2)(C) of NEPA and that the Corps had considered all appropriate alternatives to the project as required by section 102(2)(D) of the Act. He also found that the Corps' decision to continue the project was not an abuse of authority

* ROBERT VAN PELT, Senior District Judge, District of Nebraska, sitting by designation.

and was not arbitrary, capricious or otherwise contrary to law. *Id.* at 245.

 On appeal we have carefully reviewed the record and find that we are in complete agreement with the Findings of Fact and Conclusions of Law made by the court below with the exceptions hereinafter noted. We also agree with Judge Oliver's general analysis regarding the scope of judicial review under NEPA. We, therefore, affirm on the basis of his opinion.

We note, however, that at one point the opinion makes extensive reference to alleged Congressional discontent with the manner in which the courts have been enforcing NEPA. *Id.* at 238–239. This discussion is dictum, and we neither adopt nor reject it.

At another point in the opinion there is extensive discussion of the effect, in litigation such as this, of the failure of opponents of a project to point out weaknesses and make suggestions during administrative preparation of the EIS. *Id.* at 241–242. The gist of this discussion is that such a failure may be considered when deciding whether or not the EIS is adequate. Since the final EIS in this case was found to be adequate without any such consideration, this reasoning, too, is dictum, and we neither adopt it nor reject it.

 One final argument advanced by plaintiffs is that the trial judge abused his discretion with regard to the taxing of costs. Judge Oliver carefully analyzed the problem and gave adequate reasons for his decision in a well-reasoned "Memorandum and Order in Regard to the Taxation of Costs" published along with the decision on the merits at 368 F.Supp. 251. Basically, Judge Oliver held that the parties were to bear their own costs incurred up to the date of the first decision in this litigation that an EIS was necessary for the project. After that date, September 13, 1972, the losing party—the plaintiff— was to be taxed for costs.

We have reviewed the trial court's memorandum, and hold that it did not abuse the wide discretion it has under Fed.R.Civ.P. 54(d).

The decision of the district court is affirmed.