570 F.Supp. 820 (1983)
Richard A. HECHENBERGER, et al., Plaintiffs,
v.
WESTERN ELECTRIC CO., INC., et al., Defendants.
No. 82-0145C(3).
United States District Court, E.D. Missouri, E.D.
May 19, 1983.
On Motion for Summary Judgment August 22, 1983.
*821 Sheldon Weinhaus, St. Louis, Mo., for plaintiffs.
James A. Daugherty, St. Louis, Mo., for Southwestern Bell Telephone Co. and Plan.
Barry A. Short, St. Louis, Mo., for Western Electric Co., Inc. & Plan.
Carl S. Yendes, Asst. Atty. Gen., State of Mo., Jefferson City, Mo., for defendants.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on various pretrial motions.
This is a suit arising under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, with alleged ancillary jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). The principal defendants are Western Electric Company, Inc., the Western Electric Sickness and Accident Disability Plan, Southwestern Bell Telephone Company, Inc., and the Southwestern Bell Telephone Sickness and Accident Disability Plan. The plaintiffs challenge a practice followed by both Southwestern Bell and Western Electric in Missouri State Workers' Compensation proceedings. In those proceedings, both employers have claimed and received, as a credit against permanent partial disability awards, amounts paid under the Sickness and Accident Disability Benefit Plan which exceeded temporary disability payments required by law.
Defendants claim that this practice is authorized by the Missouri Workers' Compensation *822 Law, specifically Mo.Rev.Stat. § 287.160.3, which provides:
The employer shall be entitled to credit for wages paid to the employee or his dependents on account of the injury or death if such wages were not earned for work performed by the employee after the injury or death.
Plaintiffs claim that defendants' practice violates ERISA and that, to the extent Mo. Rev.Stat. § 287.160.3 authorizes the practice, it is preempted by ERISA.
Plaintiffs seek the following relief: 1) class certification; 2) a finding that defendants' practice is not provided for in the disability plans; 3) a finding that any state statute which authorizes defendants' practice is preempted by ERISA; 4) an order enjoining defendants from continuing their practice; 5) an order requiring defendants to hold the benefits wrongfully withheld in constructive trust; 6) an accounting; 7) an order disqualifying and replacing the plan administrators; 8) punitive damages; and 9) attorney's fees and costs.

Right to Jury Trial
Defendant Western Electric moves to strike plaintiffs' demand for trial by jury.
It has recently been made clear that in this circuit there is no right to trial by jury in actions for benefits brought under ERISA. In re Lucian G. Vorpahl, et al., 695 F.2d 318 (8th Cir.1982). Further, the Court is not persuaded that plaintiffs' allegation that the disability plans were "provided for" in collective bargaining agreements (second amended complaint, ¶ 6(a)) is sufficient to invoke the right to trial by jury in damage actions for breach of contract under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). See Minnis v. UAW, 531 F.2d 850 (8th Cir. 1975) (recognizing the right to trial by jury in such actions). The United States Court of Appeals for the Eighth Circuit noted in Vorpahl, supra at 320, that it made no distinction between plans that were collectively bargained and those that were not. Further, and to the extent that plaintiffs' allegation that the plans were collectively bargained can be construed to allege that defendants' practice violated the collective bargaining agreements, "an allegation of breach of contract may not alone suffice to create a jury question." Vorpahl, supra at 320 n. 3, citing Klein v. Shell Oil Company, 386 F.2d 659 (8th Cir.1967). Where the action is essentially one for review of the trustees' actions in denying benefits, it is an equitable action brought under the law of trusts, with no right to trial by jury. Vorpahl, supra at 320-21. Defendants' motion to strike plaintiffs' jury demand will therefore be granted.

Punitive Damages
Defendant Western Electric Company also moves to strike plaintiffs' prayer for punitive damages.
Although noting that the issue was not expressly reached, the Court of Appeals for the Eighth Circuit has stated in dictum:
We do not think punitive damages are provided for in ERISA. Ordinarily punitive damages are not presumed; they are not the norm; and nowhere in ERISA are they mentioned. If Congress had desired to provide for punitive damages, it could have easily so stated, as it has in other acts.
Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208, 1216 (8th Cir.), cert. denied, 454 U.S. 968 and 1084, 102 S.Ct. 512 and 641, 70 L.Ed.2d 384 and 619 (1981). Further, punitive damages are generally not recoverable in § 301, 29 U.S.C. § 185. Tippett v. Liggett & Meyers Tobacco Co., 316 F.Supp. 292, 298 (M.D.N.C.1970). To the extent that they are recoverable, the award must be based on more than mere intentional conduct  the conduct must be "outrageous or extraordinary." Butler v. Teamsters Local 823, 514 F.2d 442, 454 (8th Cir.), cert. denied, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975). Plaintiffs' allegation of "deliberate" conduct does not, in the opinion of this Court, suffice. (Second amended complaint, ¶ 18.)
*823 For the reasons stated above, defendants' motion to strike plaintiffs' claim for punitive damages will be granted.

Cross-Claim
On June 21, 1982, this Court granted the motion to intervene of Richard Rousselot, as the director of the Division of Workers' Compensation Laws of the State of Missouri. On June 30, 1982, plaintiffs filed a cross-claim against intervenor defendant, praying that the requested class be broadened and that intervenor defendant be enjoined from enforcing Mo.Rev.Stat. § 287.160.3 against the broadened class. Intervenor defendant, by a motion filed September 16, 1982, now moves to dismiss the crossclaim.
Intervenor's motion, however, does not include a memorandum containing supporting authority. Rule 7(B)(1), Rules of the United States District Court for the Eastern Judicial District of Missouri. On the basis of the record before it, the Court cannot conclude that plaintiffs could prove no set of facts which would entitle them to relief on the cross-claim. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).
The motion to dismiss the cross-claim will therefore be denied.

Disqualification
In the case of each employer, plaintiffs have named both the employer and the benefit plan itself as defendants. In each case, the same counsel has appeared to represent both the employer and the benefit plan. Plaintiffs now move to disqualify counsel from representing both the employer and the plan.
Under the terms of both the Southwestern Bell and Western Electric plans, the companies are designated as the plan administrators. The company appoints a committee which is responsible for the daily administration of the plan. The plans name both the companies and the committees as fiduciaries. Under ERISA, fiduciaries must act "solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1). ERISA, however, does not prohibit an employer from serving as a fiduciary. 29 U.S.C. § 1108(c)(3).
The Code of Professional Responsibility provides that a lawyer should decline proffered employment if it is likely to adversely affect his representation of another client. A lawyer, however, may represent multiple clients if it is obvious that he can adequately represent the interests of each and if each consents to such multiple representation after full disclosure of the possible effect of such representation on the exercise of the lawyer's independent professional judgment on behalf of each client. DR 5-105, Code of Professional Responsibility. In International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America v. Allis-Chalmers Corporation, 447 F.Supp. 766, 770-71 (E.D. Wis.1978), a similar motion for disqualification was denied upon a finding that the disclosure and consent requirements of DR 5-105 had been met. As in Allis-Chalmers, supra, the Court is not convinced at this point that the interests of the employers and the plans are necessarily divergent, nor that counsel will be unable to exercise independent judgment on behalf of each. If, within ten days, counsel for defendants file affidavits from a representative of the companies and the committees, showing that the consent and disclosure requirements have been met, plaintiffs' motion for disqualification will be denied.

ON MOTION FOR SUMMARY JUDGMENT
This matter is before the Court on the motion of defendants Western Electric Company, Inc., and the Western Electric Sickness and Accident Disability Benefit Plan (hereinafter collectively referred to as defendant Western Electric) for summary judgment dismissing the second amended complaint against them.
This is a suit arising under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, with alleged ancillary jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). The principal defendants are *824 Western Electric Company, Inc., the Western Electric Sickness and Accident Disability Benefit Plan, Southwestern Bell Telephone Company, Inc., and the Southwestern Bell Telephone Sickness and Accident Disability Benefit Plan.
The Western Electric Sickness and Accident Disability Benefit Plan provides, among other things, for employee participants to receive payments on account of physical disability to work by reason of accidental injury arising out of and in the course of employment by Western Electric. See Affidavit of J.E. Twomey, ¶ 3, and § 5 of Exh. 2, the Plan, attached thereto. Hechenberger filed a workers' compensation claim under the law of Missouri. At present, this claim is unresolved.
In this action, plaintiffs assert that Western Electric is improperly claiming an offset for the previous payments to plaintiff Hechenberger under the plan that were in excess of legally required workers' compensation healing period benefits. In Hechenberger's case, these excess payments may amount to more than $9,000.00; so, in effect, he would receive no payment for workers' compensation after the offset. This offset is said to violate ERISA. Plaintiff Hechenberger sues to recover the offset amount which he claims as a benefit under the plan.
On June 8, 1983, plaintiff Hechenberger filed a motion to maintain a class action and for certification of the class. Plaintiffs seek to certify all other employees who are participants in defendants' employee benefit plans and who have had amounts received under workers' compensation awards offset by employee benefit plans. Plaintiff Hechenberger is the only named plaintiff who is an employee of defendant Western Electric and participant under its employee benefit plan (plaintiffs' second amended complaint, ¶ 2(a)).
Defendant Western Electric claims that its plan and practice is authorized by the Missouri Workers' Compensation Law, specifically, Mo.Rev.Stat. § 287.160.3, which provides:
The employer shall be entitled to credit for wages paid to the employee or his dependents on account of the injury or death if such wages were not earned for work performed by the employee after the injury or death.
In further support of its contention, defendant Western Electric cites Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 516-17, 101 S.Ct. 1895, 1902, 68 L.Ed.2d 402 (1981), approving its plan and practice of offset.
Plaintiffs claim that defendant Western Electric's plan and practice violates ERISA and that, to the extent Mo.Rev.Stat. § 287.160.3 authorizes the practice, it is preempted by ERISA.
Defendant Western Electric now moves for summary judgment against plaintiff Hechenberger's claim individually, and as a purported class member, claiming that it has never received any offset from plaintiff Hechenberger's workers' compensation claim and has no intention to offset any amounts in pending or future cases that are similar to plaintiff Hechenberger's.
In support of its motion, defendant Western Electric filed an affidavit of Michael McGuire. Mr. McGuire represented Western Electric before the Missouri Division of Workers' Compensation on several claims, including plaintiff Hechenberger's. In his affidavit, Mr. McGuire states that plaintiff Hechenberger never received an award from the Workers' Compensation Board. Mr. McGuire further states that, because plaintiff Hechenberger never received such an award, defendant Western Electric never sought an offset for payments made under its employee benefit plan.
Nowhere in Mr. Hechenberger's affidavit, filed in response to defendant Western Electric's motion for summary judgment, does he claim he either received benefits under the workers' compensation statute or was subject to defendant Western Electric's offset.
Thus, plaintiff Hechenberger's claim that defendant Western Electric's plan and practice of offset against workers' compensation *825 awards violates ERISA concerns no present controversy as to him individually.
When claims of the named plaintiffs are moot before class certification under Fed.R.Civ.P. 23(c)(1), dismissal of the action is required because there is no case or controversy between the parties under Article III of the Constitution. Indianapolis School Commissioner v. Jacobs, 420 U.S. 128, 129, 95 S.Ct. 848, 849, 43 L.Ed.2d 74 (1975); Sosna v. Iowa, 419 U.S. 393, 402, 95 S.Ct. 553, 558, 42 L.Ed.2d 532 (1975); Bishop v. Committee of Professional Ethics, etc., 686 F.2d 1278, 1283 (8th Cir.1982); Bradley v. Housing Authority of Kansas City, Mo., 512 F.2d 626, 628 (8th Cir.1975). In particular, Sosna noted that the named plaintiff, throughout the course of the litigation, "must show that the threat of injury in a case ... is `real and immediate; not ... hypothetical.'" Sosna v. Iowa, supra at 403, 95 S.Ct. at 559 (citation omitted).
Plaintiff Hechenberger, in response to defendant Western Electric's motion for summary judgment, claims that, even if plaintiff's claims are moot, summary judgment is improper because other issues remain in the case. Plaintiff Hechenberger claims he is entitled to costs and attorney's fees because, by filing this suit and seeking class certification, he was successful in prompting defendant Western Electric to withdraw its practice of offset. Plaintiff further claims that to grant summary judgment at this stage of the proceeding would frustrate uniform national labor policy.
The Court finds that these contentions are without merit. The import of Sosna and Jacobs requires that summary judgment be granted, prior to class certification, if the named plaintiff's claim is not a matter of present controversy. Plaintiff Hechenberger is not precluded from asserting these claims in the future.
Plaintiff further argues that the doctrine of "relation-back" should preclude the granting of summary judgment. In Sosna, the Court noted that, even though a claim is moot prior to class certification, the certification could "relate back" to the filing of the complaint if the circumstances of the particular case required review of the underlying issues. Sosna v. Iowa, supra at 402 n. 11, 95 S.Ct. at 559 n. 11.
However, in the instant case and in Bradley, supra, the issues would not evade review if the "relation-back" doctrine was not applied. In the affidavits of Mr. McGuire and Mr. John E. Twomey, secretary of the employee benefit committee of Western Electric, both stated that defendant Western Electric would cease implementing the plan and practice of offset to all pending and future cases similar to plaintiff Hechenberger's.
In order to prevail on a motion for summary judgment, the burden is on the moving party to establish beyond controversy that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Roberts v. Browning, 610 F.2d 528, 531-32 (8th Cir.1979). This Court is required to view the facts in a light most favorable to the non-moving party and to give that party the benefit of reasonable inferences drawn from the underlying facts. Adickes v. S.H. Kress & Co., 398 U.S. 144, 153-59, 90 S.Ct. 1598, 1606-09, 26 L.Ed.2d 142 (1970); Goodman v. Parwatikar, 570 F.2d 801, 803 (8th Cir.1978). "Unless the pleadings and supporting documents disclose beyond any doubt the absence of a genuine issue of fact, summary judgment should not be entered." Evans v. McDonnell Aircraft Corp., 395 F.2d 359, 362 (8th Cir.1968).
There are no genuine issues of material fact regarding plaintiff Hechenberger's individual claim against defendant Western Electric. Because the named plaintiff's claim is not presently in controversy, defendant Western Electric's motion for summary judgment will be granted.