669 F.Supp. 951 (1987)
Deborah BOHLMANN, Plaintiff,
v.
LOGOS SCHOOL, et al., Defendants.
No. 87-0379C(6).
United States District Court, E.D. Missouri, E.D.
September 28, 1987.
*952 Charles L. Wiest, Jr., Vickers, Moore & Wiest, St. Louis, Mo., for plaintiff.
John J. Moellering, Curtis C. Calloway, Lewis & Rice, St. Louis, Mo., for defendants.

ORDER AND MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendants' motion to dismiss Counts IV and V of plaintiff's complaint, to strike all claims for punitive or compensatory damages and to strike plaintiff's jury demand.
Plaintiff Deborah Bohlmann filed this five count complaint against her employer, the Logos School (Logos), the Logos Medical and Health Plan (Plan) and Dennis O'Brien (O'Brien), the director of Logos and administrator and fiduciary of the Plan. All claims relate to the alleged denial of medical insurance benefits to plaintiff under Logos' group medical insurance plan. Counts I, II and III of the complaint allege violations of the Employee Retirement Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Counts IV and V are state law claims for breach of contract and constructive fraud. Plaintiff seeks, in addition to various other forms of relief, punitive damages and compensatory damages for emotional distress. Plaintiff has requested a jury trial of her state law claims. Defendants contend in their motion to dismiss Counts IV and V that those state law claims are preempted by the comprehensive and exclusive federal enforcement scheme embodied in ERISA. Defendants further contend that plaintiff's requests for punitive and emotional distress damages should be stricken because such damages are not available under ERISA. Defendants also move to strike plaintiff's jury demand because jury trials are not available for ERISA claims.
Construing the allegations of the complaint in the light most favorable to the plaintiff, as the court is required to do on a motion to dismiss, the court nevertheless finds that Counts IV and V must be dismissed. See Lewis v. Chrysler Motors Corp., 456 F.2d 605, 607 (8th Cir.1972).
The United States Supreme Court recently held that state common law causes of action based upon the denial of benefits under ERISA-regulated benefit plans are not "saved" by § 1144(b)(2)(A) of ERISA and are therefore pre-empted by § 1144(a) of ERISA. See Pilot Life Insurance Co. v. Dedeaux, ___ U.S. ___, ___, 107 S.Ct. 1549, 1555-56, 95 L.Ed.2d 39 (1987).
Plaintiff attempts to avoid the application of the Supreme Court's holding in Pilot Life Insurance Co. by asserting that the Logos Plan is not an employee welfare benefit plan within the meaning of ERISA. The statute applies to all "employee welfare benefit plans" which it defines as follows:
Any plan ... established or maintained by an employer or by an employee organization ... to the extent that such plan ... was established or is maintained for the purpose of providing for its participants or their beneficiaries ... medical, surgical, or hospital care ... or benefits in the event of sickness, accident, disability....
29 U.S.C. § 1002(1)(A) (1985).
The other prerequisite to the application of ERISA to an employee benefit plan is that the employer be engaged in interstate commerce or in an industry affecting interstate commerce. See 29 U.S.C. § 1003(a)(1) (1985).
There can be little question that the Logos Plan, a group medical insurance plan maintained by Logos School, meets this broad definition. Moreover, plaintiff alleged in ¶ 4 of her Complaint and defendants admitted in their Answer that the Logos Plan is an employee welfare benefit plan within the meaning of § 1002.
*953 It thus appears that the Logos Plan is an ERISA-regulated benefit plan and that the United States Supreme Court's holding in Pilot Life Insurance Co. v. Dedeaux, ___ U.S. ___, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) controls. Accordingly,
IT IS HEREBY ORDERED that defendants' motion to dismiss Counts IV and V of plaintiff's complaint be and it is granted.
IT IS FURTHER ORDERED that defendants' motion to strike plaintiff's request for punitive damages and compensatory damages for emotional distress be and it is granted. See Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 3087, 87 L.Ed.2d 96 (1985); Hechenberger v. Western Elec. Co., 570 F.Supp. 820, 822 (E.D.Mo.1983), aff'd, 742 F.2d 453 (8th Cir.1984), cert. denied, 469 U.S. 1212, 105 S.Ct. 1182, 84 L.Ed.2d 330 (1985).
IT IS FURTHER ORDERED that defendants' motion to strike plaintiff's demand for a jury trial be and it is granted. See In re Vorpahl, 695 F.2d 318 (8th Cir. 1982).