## MEDICINE SHOPPE INTERNATIONAL, INC., Plaintiff,

v.

## REBS CO., et al., Defendants.

### No. 89–1190C(6).

United States District Court, E.D. Missouri.

June 1, 1990.

Stephen Rovak, Peper, Martin, Jensen, Maichel, & Hetlage, St. Louis, Mo., for plaintiff.

Thomas Weaver, Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, for defendants.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This case is currently before the Court on defendants' motions for jury trial and for disqualification of Peper, Martin, Jensen, Maichel and Hetlage, ("Peper, Martin") the law firm representing plaintiff. Because plaintiff does not oppose defendants' demand for jury trial, the Court grants that motion. For the reasons more fully set forth below, the Court denies defendants' motion to disqualify.

Plaintiff Medicine Shoppe International, Inc. ("Medicine Shoppe"), a franchisor of pharmacies, brings this diversity action against Ronald M. and Bonnie P. Tedford and REBS Co. alleging breach of license agreement and fraud, and seeking actual and punitive damages as well as declaratory relief. Defendants, in turn, have filed a counterclaim in which they allege fraudulent and negligent misrepresentation and violations of Indiana and Texas statutes and seek actual and punitive damages as well as declaratory relief.

Ronald Tedford was employed by Medicine Shoppe until 1985 when he left to operate his own pharmacies. While he was an officer of Medicine Shoppe, Tedford worked closely with Stephan H. Rovak, a partner at Peper, Martin, in connection with disputes against franchisees.

After he left Medicine Shoppe, Tedford asked Rovak to incorporate REBS Co., the entity through which Tedford would purchase pharmacies. In September, 1985, REBS Co. purchased the assets of a pharmacy in Bloomington, Indiana and Tedford asked Peper, Martin to review the purchase agreement.

Plaintiff alleges in opposition to defendants' motion, that because all the parties knew Rovak represented Medicine Shoppe in franchise disputes, the parties agreed that if Rovak represented defendants with respect to forming a corporation or acquiring a pharmacy, Rovak would have nothing to do with the relationship between Medicine Shoppe and Tedford. Plaintiff further alleges that the parties agreed that, in the event of a dispute between Medicine Shoppe and Tedford, Rovak would represent Medicine Shoppe. The Court finds that to a significant extent, these statements are mutually exclusive, and therefore unpersuasive.

More persuasive is plaintiff's argument that the matters upon which Peper, Martin represented defendants are not substantially similar to the issues in this case. Equally persuasive is the fact that defendants seem to focus primarily on their allegation that confidential information, in the form of "financial reports, projections and other financial information regarding defendants' ownership and operation of a Medicine Shoppe pharmacy," was provided to Peper, Martin in connection with the review of the purchase agreement. The Court notes, however, that this so-called confidential information had also been provided to a bank, as defendants themselves aver. Furthermore, defendants have attached the documents containing the allegedly confidential information to pleadings filed herein, rendering them public record. Finally, defendants assert that these documents may even be exhibits in this case; therefore, they would appear to be discoverable. The Court finds that defendants, themselves, have disclosed the information they contend is confidential. Accordingly, Peper, Martin's access to that same information cannot give it an unfair advantage in its representation of plaintiff.

Eighth Circuit law is clear on the requisite showing for disqualification and the parties do not disagree thereon. The parties' only real dispute appears to be the nature of the information which Peper, Martin has obtained relative to Tedford's business activities since leaving Medicine Shoppe, and the substantial similarity between the matters involved in this case and the matters upon which Tedford sought advice from Peper, Martin concerning the incorporation of REBS and the purchase of the Indiana pharmacy.

The Court must address and weigh conflicting concerns in deciding whether to grant a motion to disqualify. On the one hand, the former client has a legitimate concern that his confidences be preserved. On the other hand, the current client should be allowed to choose his attorney freely. In an attempt to accommodate both former and current clients' needs, the courts have developed the following test to determine whether a client's confidentiality may have been violated. *Federal Deposit Ins. Corp.*, 682 F.Supp. 981, 985 (D.Minn. 1988).

(1) The movant party was previously represented by the attorney whose disqualification he seeks;

(2) the matters embraced within the pending suit are substantially related to the matters or the cause of action for which the attorney previously represented the movant party; and

(3) the attorney is representing an adversary of the movant party in the pendent suit.

*Id.* Moreover, attorneys must eschew even the appearance of impropriety. *Williams v. Trans World Airlines, Inc.*, 588 F.Supp. 1037, 1041 (W.D.Mo.1984). However,

it does not follow ... that an attorney's conduct must be governed by standards which can be imputed only to the most cynical members of the public. Inasmuch as attorneys now commonly use disqualification motions for purely strategic purposes, such an extreme approach would often unfairly deny a litigant the counsel of his choosing. In-

deed, the more frequently a litigant is delayed or otherwise disadvantaged by the unnecessary disqualification of his lawyer under the appearance of impropriety doctrine, the greater the likelihood of public suspicion of both the bar and the judiciary.... Consequently, while Canon 9 does imply that there need be no proof of actual wrongdoing, we conclude that there must be at least a reasonable possibility that some specifically identifiable impropriety did in fact occur.

*Id.*

Defendants have waited nearly a year to bring their motion. They have deliberately made public any information held by Peper, Martin, thus destroying its confidential nature. And, too, nothing has been offered to establish any particular confidentiality of the information required to incorporate the business or to review a purchase agreement. Neither is that information necessarily useful in a breach of licensing agreement action. If either party has an unfair advantage, it may be defendant Tedford, based upon his lengthy and responsible position with Medicine Shoppe.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to disqualify be and it is denied.

IT IS FURTHER ORDERED that, plaintiff not having filed opposition thereto, defendants' demand for jury trial be and it is granted.