92 F.Supp.2d 945 (2000)
Bonnie L. GEISSAL, Plaintiff,
v.
MOORE MEDICAL CORP., et al., Defendant.
No. 4:94 CV 1263 DDN.
United States District Court, E.D. Missouri, Eastern Division.
March 23, 2000.
S. Sheldon Weinhaus, Weinhaus and Dobson, St. Louis, MO, for Plaintiff.
Kathi L. Chestnut, Edward M. Goldenhersh, Vice-President, Daniel J. Schwartz, Greensfelder and Hemker, St. Louis, MO, Stephen Robert Clark, Associate, Polsinelli and White, St. Louis, MO, Bradley J. Washburn, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This matter is before the Court upon plaintiff's motion to disqualify counsel for defendants and to require the corporate defendant and plan fiduciary to seek separate representation (Doc. No. 92). The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). A hearing was held on June 2, 1999.
This case has already traveled through the federal court system once. Plaintiff James Geissal filed this lawsuit in June, 1994, for relief under the continuation of coverage provisions of the Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Comprehensive Omnibus Budget Reconciliation Act of 1986 (COBRA), 29 U.S.C. § 1001 et seq. Defendants are plaintiff's former employer, Moore Medical Corporation, Group Benefit Plan of Moore Medical Corporation, and Herbert Walter, the plan administrator. *946 In March, 1996, the Court granted partial summary judgment for defendants,[1] which the Eighth Circuit affirmed on interlocutory appeal. See Geissal v. Moore Medical Corp. et al., 114 F.3d 1458 (8th Cir.1997). However, the United States Supreme Court vacated the opinion of the Eighth Circuit and remanded. See Geissal v. Moore Medical Corp. et al., 524 U.S. 74, 118 S.Ct. 1869, 141 L.Ed.2d 64 (1998).
Plaintiff seeks to disqualify the law firm Greensfelder, Hemker & Gale ("Greensfelder Hemker") from simultaneous representation of the corporate employer, the group benefit plan, and the plan administrator, Herbert Walter.[2] The law permits an employer to serve as the plan administrator. See 29 U.S.C. § 1108(c)(3); Hechenberger v. Western Electric Co., Inc., 570 F.Supp. 820, 823 (E.D.Mo.1983); Blaw Knox Retirement Income Plan v. White Consolidated Ind., Inc., 998 F.2d 1185, 1189 (3rd Cir.1993), cert. denied, 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994). Nevertheless, the law also requires that if such multiple roles are served, the entity's role as a corporate employer is separate and distinct from its role as a plan fiduciary. See Washington-Baltimore Newspaper Guild v. Washington Star, 543 F.Supp. 906, 910 (D.D.C. 1982).
The Eighth Circuit has acknowledged that "disqualification motions should be subjected to `particularly strict judicial scrutiny.'" Harker v. Commissioner of Internal Revenue, 82 F.3d 806, 808 (8th Cir. 1996) (quoting Optyl Eyewear Fashion Int'l Corp. v. Style Cos., 760 F.2d 1045, 1050 (9th Cir.1985)). Furthermore, the Eighth Circuit has held that waiver is a valid basis for the denial of a motion to disqualify. Central Milk Producers Cooperative v. Sentry Food Stores, Inc., 573 F.2d 988, 992 (8th Cir.1978).
Defendants argue in their opposition that plaintiff has waived her right to seek disqualification because she waited nearly five years from the date the original complaint was filed to do so. Plaintiff points out that it was only on March 23, 1999, that this Court found liability. See Order and Mem., filed March 23, 1999 (Doc. No. 83). That finding, plaintiff argues, was what led plaintiff to recognize the divergency of interests between the plan administrator and Moore Medical Corporation. Therefore, plaintiff claims her motion was timely.
Another district has set forth a test for determining whether the moving party has waived its right to seek disqualification as follows:
(1) the length of the delay in bringing the motion to disqualify, (2) when the movant learned of the conflict, (3) whether the movant was represented by counsel during the delay, (4) why the delay occurred and (5) whether disqualification would result in prejudice to the non-moving party.
Alexander v. Primerica Holdings, Inc., 822 F.Supp. 1099, 1115 (D.N.J.1993). That court continued, maintaining that "[i]n particular, consideration should be given and inquiry made as to whether the motion was delayed for tactical reasons." Id. (citing Central Milk, 573 F.2d at 992).
The first two factors, the length of the delay in bringing the motion and when the movant learned of the conflict, are in dispute. The Eighth Circuit has held that "[a] motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion." Central Milk, 573 F.2d at 992. Defendants point out that all three defendants have been represented by one firm since the beginning of the litigation in 1994.[3] Therefore, defendants maintain *947 that plaintiff has known all of the facts that led to her motion and still waited nearly five years to file the motion.
Plaintiff, on the other hand, argues that she learned of the conflict when this Court found liability, in March 1999; therefore, the motion was only delayed by two months. Plaintiff refers to a case in which this Court ruled upon a motion to disqualify under like circumstances. See Hechenberger, 570 F.Supp. at 820. In Hechenberger, Judge Hungate commented that "the Court is not convinced at this point that the interests of the employers and the plans are necessarily divergent, nor that counsel will be unable to exercise independent judgment on behalf of each." Id. at 823. Plaintiff claims that "only if this Court finds liability, as it did in granting summary judgment on liability issues for plaintiff, document 83, could we get beyond the `at this point' and have divergency of interests." See Pl. Reply Mem., filed May 27, 1999, (Doc. No. 106) at 9.
The Court does not agree with plaintiff's interpretation of Hechenberger. In Hechenberger, the Court held that, if counsel for defendants filed affidavits from representatives of each of the defendants, showing that the consent and disclosure requirements of the Code of Professional Responsibility were met, the plaintiff's motion for disqualification would be denied. Hechenberger, 570 F.Supp. at 823. The Court did not imply that the lack of a finding of liability was the basis for its conviction that the interests of the employer and the plans were not divergent.
The record establishes that facts relevant to the motion to disqualify existed before March 1999. Assuming that all of the facts which underlie the motion were not known to the plaintiff at the commencement of this litigation, at the very least they existed on June 8, 1998, when the United States Supreme Court held that "Moore could not cut off [plaintiff's] COBRA coverage under the plain meaning of § 1162(2)(D)(i)." Geissal, 524 U.S. at 82, 118 S.Ct. 1869. That holding reversed this Court's grant of partial summary judgment on the issue of liability in favor of defendants.
Therefore, plaintiff became aware that there would be a finding of liability against defendants, even if this Court did not officially rule upon plaintiff's motion for reconsideration until March, 1999, on remand. Thus, the delay in filing the motion to disqualify is eleven months, a length of time which this Court has taken into account when denying other motions to disqualify. See Medicine Shoppe International, Inc. v. REBS Co., 737 F.Supp. 70, 72 (E.D.Mo.1990) (court denied motion to disqualify, in part, because defendants waited nearly a year to bring their motion).
Furthermore, in the time that elapsed between the United States Supreme Court's conclusion that there was liability and plaintiff's motion, defendants were required to find new counsel. The record reflects that plaintiff's counsel, Sheldon Weinhaus, faxed Joseph Greenberger, General Counsel for defendant Moore Medical Corp., a letter, which provided, in relevant part: "In light of the equally distressing letters you and I separately received from Bradley Washburn, Esq., and your decision to replace him with other counsel, I would urge you at the earliest opportunity to do so." See Mem., filed May 25, 1999 (Doc. No. 103), Exh. A, Dec. 7, 1998 letter. Furthermore, Mr. Greenberger swore in an affidavit the following:
During the period surrounding Mr. Weinhaus' December 7, 1998 fax I had several phone conversations with him. In our conversations, Mr. Weinhaus implicitly accepted that one law firm, albeit a new one, would continue representing all defendants. When, in January, 1999, Mr. Weinhaus learned that Greensfelder Hemker had been selected to represent *948 all defendants, he did not object. At no time did Mr. Weinhaus mention, or even suggest, that separate counsel should be engaged to represent each of the separate defendants. At no time did he mention, or even suggest, a possible conflict of interest with one law firm representing all defendants.
Id., Affidavit of Joseph Greenberger, at ¶ 7.
Therefore, the record indicates that during the time that defendants' former counsel withdrew from the case and defendants were searching for new counsel, plaintiff never mentioned a potential conflict or objected to collective representation. The Court finds this highly significant in view of the fact that these events occurred after the Supreme Court found liability.
The third factor is whether the movant was represented by counsel during the delay. Plaintiff was represented by counsel during the delay, and the Court also finds it significant that it is the same counsel that has represented plaintiff at all times since the beginning of this lawsuit. The fourth factor is why the delay occurred. Plaintiff has not provided a reason for her asserted two month delay, only that it was not unreasonable.
The fifth factor is whether disqualification would result in prejudice to the nonmoving party. "When that prejudice would be great, courts have not granted motions to disqualify." Alexander, 822 F.Supp. at 1117 (citing Central Milk, 573 F.2d at 992). Steven R. Clark, counsel of record for defendants, filed an affidavit on May 24, 1999 in which he asserted that he and his co-counsel:
[S]pent numerous hours reviewing the extensive file from over four and one-half years of litigation in this case, which included pleadings and discovery, briefs and legal memoranda filed in this Court, the United States Court of Appeals for the Eighth Circuit and the United States Supreme Court, Orders and Opinions and research.
Defs. Mem. in Opp., filed May 24, 1999 (Doc. No. 101), Exh. B, Affidavit of Steven R. Clark, at ¶ 3. Defendants also claim that Greensfelder Hemker has spent many hours with plaintiff's counsel working toward a stipulation so that the Court would not have to review hundreds of thousands of dollars in medical bills. See id. at 5.
The Court has found that the record established a potential conflict when the Supreme Court found defendants liable for COBRA coverage. After the ruling by the Supreme Court, plaintiff failed to object when defendants hired Greensfelder Hemker, who invested a large amount of time in learning the details of this case. The Court will not require defendant Group Benefit Plan and the plan fiduciary to seek separate counsel,[4] who would have to become familiar with the myriad of factual and legal issues, at this late stage in the litigation process.
The Court concludes that plaintiff's failing to bring the motion to disqualify waived her right to do so. The Court also finds that the joint representation has not been shown to have prejudiced plaintiff's interests. In the exercise of its discretion, because the record did establish a potential conflict of interests to review, the Court declines to impose sanctions on plaintiff under Rule 11 of the Federal Rules of Civil Procedure as defendants have requested.
For these reasons,
IT IS HEREBY ORDERED that the motion of plaintiff to disqualify counsel and to require the corporate defendant and the plan to be separately represented (Doc. No. 92) is denied.
NOTES
[1] While summary judgment was pending, James Geissal died, and Bonnie Geissal, his wife and personal representative of his estate, replaced him as plaintiff.
[2] Moore Medical Corp. is defendant Walter's successor as administrator of the plan. See Pl.Mot. to Disqualify, filed May 3, 1999 (Doc. No. 92), at 5, n. 2.
[3] From May 1994 to December 16, 1998, defendants were represented by Mr. Bradley J. Washburn. Subsequent to Mr. Washburn's withdrawal from the case in December 1998, Greensfelder Hemker entered its appearance on January 15, 1999.
[4] At the hearing held on June 2, 1999, plaintiff informed the Court that she had no objection to Greensfelder Hemker continuing to represent defendant Moore Medical; however, she did want the plan and the plan fiduciary to seek new counsel.