Clyde P. BAETEN, James R. Benson, Charles C. Bidwell, and others similarly situated, Plaintiffs,

v.

Anthony J. VAN ESS, Audrey R. Morgan, Leonard Anderson, Jane Hamilton, Daniel C. Beisel, Richard Timm, Peoples Marine Bank of Green Bay, Green Bay Newspaper Co. Profit Sharing Plan, and Green Bay Newspaper Company, Defendants.

No. 75–C–555.

United States District Court, E. D. Wisconsin.

Dec. 30, 1977.

Goldberg, Previant & Uelmen by Richard M. Goldberg, Howard L. Janco, Milwaukee, Wis., for plaintiffs.

Whyte & Hirschboeck by Robert V. Abendroth, Milwaukee, Wis., for Peoples Marine Bank.

Welsh, Trowbridge, Planert & Shaefer by F. M. Trowbridge, Green Bay, Wis., for Green Bay Newspaper Co.

Everson, Whitney, Everson, Brehm & Pfankuch by John C. Whitney, Green Bay, Wis., for individual defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

There are two motions before the court. The defendant Peoples Marine Bank of Green Bay has moved for summary judgment, and the plaintiffs have filed a motion seeking leave to file a second amended complaint. Both motions will be granted.

The motion of Peoples Marine Bank for summary judgment is based on the bank's contention that there is no genuine issue as to a material fact to be tried, and that it is entitled to judgment as a matter of law. This contention is bottomed on the bank's assertion that the plaintiffs' grievances arose before the bank commenced its obligations as trustee. The bank, as movant, urges that the gravamen of the plaintiffs' claims arose in September, 1974, when the predecessor trustee made determinations concerning the plaintiffs' employment status. The earlier trustees declined on November 20, 1974, to redetermine the plaintiffs' status. The Peoples Marine Bank did not become trustee under the plan until February, 1975.

As authority for its position, the movant bank relies on the profit sharing plan itself wherein at sec. 4(g) there is a provision relating to the "discharge of trustees from liability." This clause provides as follows:

"No successor Trustee shall be in any way liable or responsible for anything done or omitted in the administration of the Trust prior to the date he became a Trustee."

Reliance is also placed on the language of sec. 409(b) of ERISA (29 U.S.C. § 1109(b)) which provides:

"No fiduciary shall be liable with respect to a breach of fiduciary duty under this title if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary."

The plaintiffs oppose the bank's motion for summary judgment and urge that the bank, as successor trustee, violated its fiduciary obligations to correct the errors of its predecessor trustees. Numerous affidavits, exhibits, and portions of discovery materials have been submitted by both sides in connection with this issue. My examination of those materials persuades me that all of the relevant determinations affecting the plaintiffs' status under the plan were made before the movant bank assumed the role of trustee and that the bank not only had no involvement in the determination of the plaintiffs' status, but also it had no knowledge or responsibility for any subsequent inaction alleged by the plaintiffs. I am also persuaded from the record now before the court that the bank's knowledge of the plaintiffs' claims did not arise until the instant litigation was started in late 1975. It is thus my conclusion that there was no fiduciary duty owed by the bank to these plaintiffs and that as a matter of law the defendant bank is entitled to summary judgment of dismissal.

The plaintiffs' motion for authority to file a second amended complaint stems from the fact that the court of appeals for the seventh circuit recently decided *Daniel v. International Brotherhood of Teamsters*, 561 F.2d 1223 (1977). In *Daniel*, the court of appeals determined that § 10(b) of the Securities Exchange Act of 1934 and § 17(a) of the Securities Act of 1933 were applicable to pension and profit sharing plans.

The proposed second amended complaint would add counts 3 and 4, which are based on the alleged applicability of the *Daniel* decision to the retirement plan in question.

The defendant Green Bay Newspaper Company has not submitted any opposition to the plaintiffs' motion and has already filed an answer to such second amended complaint. The only formal opposition to the plaintiffs' motion for leave to file an amended complaint has come from the defendant Peoples Marine Bank. In view of the dismissal of that defendant pursuant to its motion for summary judgment, the present posture of the case is that no defendant who remains in the case opposes the proposed amendment of the plaintiffs' complaint. I am persuaded that leave to file the second amended complaint should be granted.

Therefore, IT IS ORDERED that the motion of the defendant Peoples Marine Bank of Green Bay for summary judgment dismissing this action as to said movant be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed as to Peoples Marine Bank of Green Bay.

IT IS FURTHER ORDERED that the motion of the plaintiffs for leave to file a second amended complaint be and hereby is granted.