809 F.Supp. 725 (1992)
BARNES HOSPITAL and Washington University School of Medicine, Plaintiffs,
v.
SANUS PASSPORT/PREFERRED SERVICES, INC., General American Life Insurance Co., Bryan S. Buettner, and Lewis E. Buettner, Defendants.
No. 4:92CV00519 ELF.
United States District Court, E.D. Missouri, E.D.
September 8, 1992.
*726 S. Sheldon Weinhaus, Partner, Weinhaus and Dobson, St. Louis, MO, for plaintiffs.
Jay A. Summerville, Armstrong and Teasdale, Alene V. Haskell, Caroline Luepke Hermeling, Husch and Eppenberger, St. Louis, MO, for Sanus Passport Preferred Provider Organization.
Jay A. Summerville, Armstrong and Teasdale, Joseph R. Briscoe, General American Life Ins. Co., St. Louis, MO, for General American Life Ins. Co.
Kay Welch, Belleville, IL, for Lewis E. Buettner.

MEMORANDUM AND ORDER
FILIPPINE, Chief Judge.
This matter is before the Court on the joint motion of defendants Sanus Passport/Preferred Services, Inc. ("Sanus") and General American Life Insurance Co. ("General American") to dismiss for failure to state a claim and on plaintiffs' joint motion to remand or secondarily and alternatively to allow plaintiffs to amend pleading as against non-individual defendants.
On June 24, 1992, this Court entered its order that defendants Sanus and General American provide verification of: (1) Or-Wal Enterprises' status as an employer engaged in or affecting commerce; (2) Bryan Buettner's status as an employee of Or-Wal Enterprises; and (3) Bryan Buettner's status as a beneficiary of the Or-Wal Enterprises employee benefit plan in effect at the time plaintiffs provided medical care and services to Bryan Buettner. In response, defendants Sanus and General American filed the affidavit of John Timothy Reedy, Controller of STS Enterprises, formerly known as Or-Wal Enterprises. That affidavit establishes the facts necessary for this Court to find the existence of an ERISA plan and that Bryan Buettner was a beneficiary of the plan at the time plaintiffs provided services to Bryan Buettner. The Court must now determine whether Count I of plaintiffs' complaint is preempted by ERISA.
Plaintiffs contend that Count I is not preempted by ERISA because it is a claim of negligent misrepresentation under state law. Plaintiffs urge that Count I does not relate to an employee welfare benefit plan because (1) plaintiffs are not proceeding as assignees of Bryan Buettner's right to recover under the plan and (2) plaintiffs do not seek benefits under the plan, but seek to recover for the tort of negligent misrepresentation.
ERISA preempts "any and all State laws in so far as they may now or hereafter *727 relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). The United States Supreme Court has emphasized the broad scope of ERISA's preemptive effect. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). A state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." Shaw, 463 U.S. at 96-97, 103 S.Ct. at 2900. The United States Court of Appeals for the Eighth Circuit has held that "[t]his phrase is not to be limited to those state laws which deal specifically with ERISA plans or with subject matters covered by ERISA plans. Thus, any provision of state law which conflicts with a proper provision of an ERISA plan must give way to the latter." Baxter By & Through Baxter v. Lynn, 886 F.2d 182, 185 (8th Cir.1989) (citations omitted).
The Eighth Circuit considers a variety of factors when determining whether a state law is preempted by ERISA. Those factors include:
whether the state law negates an ERISA plan provision, ... whether the state law affects relations between primary ERISA entities, ... whether the state law impacts the structure of ERISA plans, ... whether the state law impacts the administration of ERISA plans, ... whether the state law has an economic impact on ERISA plans, ... whether preemption of the state law is consistent with other ERISA provisions, ... and whether the state law is an exercise of traditional state power....
Arkansas Blue Cross & Blue Shield v. St. Mary's Hosp., 947 F.2d 1341, 1344 (8th Cir.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 2305, 119 L.Ed.2d 227 (1992) (citations omitted). No single factor is determinative, but the Court must "look to the totality of the state [law's] impact on the plan both how many of the factors favor preemption and how heavily each individual factor favors preemption are relevant." Id.
The Eighth Circuit has not addressed the question of whether ERISA preempts a state law claim brought by a service provider in its independent capacity and not as an assignee of the rights of the plan beneficiary. However, analyzing this case under the factors applied by the Eighth Circuit, the Court finds that plaintiffs' negligent misrepresentation claim is preempted by ERISA.
Plaintiffs allege that, when Bryan Buettner was admitted to Barnes Hospital, plaintiff telephoned defendants to verify insurance coverage; that defendants were advised of the care and treatment intended for Bryan Buettner; and that plaintiffs were assured of coverage for this treatment. The only limitations on coverage of which plaintiffs were informed was a one million dollar lifetime limitation. In reliance on defendants representations, plaintiffs provided extensive medical care to Bryan Buettner. When plaintiffs made claims to defendants for services provided Bryan Buettner, defendants informed plaintiffs of a one hundred thousand dollar limitation on coverage for the type of services provided. Plaintiffs contend they are damaged to the extent that the service and care provided exceeded one hundred thousand dollars.
Several factors set forth by the Eighth Circuit in St. Mary's Hosp. are implicated by plaintiffs' claim. First, the claim is to recover for amounts in excess of the policy limits. This claim, therefore, negates the plan provision setting limits for certain medical services. Thus, the claim necessarily impacts the plan structure and effects the primary ERISA entities. St. Mary's Hosp., 947 F.2d at 1346 (finding that a state law negating a plan provision changes the plan structure and the relationship between primary ERISA entities).
Plaintiffs' state law claim, if allowed, would have an impact on the administration of the plan. Plaintiffs' claim arises out of verification of plan coverage. Determination of coverage and the amount of coverage is a "primary administrative function[] *728 of benefit plans...." Aetna Life Ins. Co. v. Borges, 869 F.2d 142, 146-47 (2d Cir.), cert. denied, 493 U.S. 811, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989). Thus, the Eighth Circuit factor of impact on plan administration is implicated.
Plaintiffs' claim clearly has an economic impact on the plan. If plaintiffs were to prevail on their state law claim, the plan would have to pay benefits far in excess of the limits set forth in the plan. The amount in controversy (in excess of $800,000) would produce more than a "tenuous, remote, and peripheral" effect on the plan, and thus is a factor weighing for preemption. St. Mary's Hosp., 947 F.2d at 1348. The remaining factors, whether preemption of the state law is consistent with other ERISA provisions and whether the state law is an exercise of traditional state power, are not implicated in this case.
On balance of the relevant factors, the Court finds that plaintiffs' claim against defendants Sanus and General American is preempted by ERISA. The Court is further persuaded by a decision from the United States District Court, Western District of Missouri, Coonce v. Aetna Life Ins. Co., 777 F.Supp. 759 (W.D.Mo.1991) (holding that a claim of negligent misrepresentation by a service provider was a claim to modify the terms of the plan and thus preempted by ERISA). 777 F.Supp. at 767-68.
The Court recognizes that United States Courts of Appeals other than the Eighth Circuit have found that, on similar facts, a service provider's state common law claims were not preempted. See Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc., 944 F.2d 752 (10th Cir. 1991) (health care provider's state law claim of promissory estoppel not preempted); Memorial Hosp. System v. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir. 1990) (health care provider's claim of deceptive practice and misrepresentation under state statute not preempted). However, at least one other circuit has found that such claims are preempted. See Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272 (6th Cir.1991) (health care provider's state law claims of promissory estoppel, breach of contract, negligent misrepresentation and breach of good faith preempted). In light of the relevant Eighth Circuit precedent and the recent decision from the Western District of Missouri, the Court finds that plaintiffs' claim against defendants Sanus and General American is preempted by ERISA. In light of this finding, plaintiffs' motion to remand will be denied.
By their motion to dismiss, defendants Sanus and General American seek dismissal of Count I for failure to state a claim under ERISA. By their alternative motion to amend pleading as against non-individual defendants, plaintiffs request that, in the event the Court finds Count I preempted by ERISA, plaintiffs be granted leave to amend Count I to state a claim under ERISA. Defendants Sanus and General American do not oppose plaintiffs' alternative motion. See Reply Memorandum in Support of Motion to Dismiss, filed April 10, 1992, at 2. Under the circumstances, the Court finds it appropriate to deny defendants' motion to dismiss and to grant plaintiffs' alternative motion to amend. Plaintiffs shall be given twenty days from the date of this order in which to file an amended complaint setting forth their claim against defendants Sanus and General American as a claim under ERISA. Failure by plaintiffs to comply with this order may result in dismissal of their claims. Defendants' motion to dismiss will be denied.
Accordingly, after careful consideration,
IT IS HEREBY ORDERED that the joint motion of defendants Sanus Passport/Preferred Services, Inc., and General American Life Insurance Co. to dismiss for failure to state a claim is DENIED.
IT IS FURTHER ORDERED that plaintiffs' joint motion to remand is DENIED and plaintiffs' alternative motion to amend pleading as against non-individual defendants is GRANTED.
IT IS FURTHER ORDERED that, within twenty days of the date of this order, plaintiff shall file an amended complaint in which plaintiffs set forth their claim against defendants Sanus and General *729 American as a claim under ERISA, 29 U.S.C. §§ 1001 et seq.