873 F.Supp. 1348 (1994)
Robert MATHIS and June Mathis, Plaintiffs,
v.
AMERICAN GROUP LIFE INSURANCE COMPANY, et al., Defendants.
No. 4:93CV1086 JCH.
United States District Court, E.D. Missouri, Eastern Division.
October 17, 1994.
*1349 *1350 Philip J. Ohlms, Barklage and Barklage, St. Charles, MO, Robert K. DuPuy, Lamarca and Landry, West Des Moines, IA, for plaintiffs Robert Mathis, June Mathis.
Tyce Stuart Smith, Sr., Smith and Hutcheson, Waynesville, MO, for defendant American Group Life Ins. Co.
Fred A. Ricks, Jr., Stanley G. Schroeder, Sr., McMahon and Berger, St. Louis, MO, for defendants, third-party plaintiffs Ins. Administrative Corp., Const. Service Ins. Trust fka Const. Service Industry Trust.
James L. Hawkins, Greensfelder and Hemker, St. Louis, MO, L. Graves Stiff, III, Thomas L. Selden, Birmingham, AL, for third-party defendant Harbert Intern., Inc.

MEMORANDUM AND ORDER
HAMILTON, District Judge.
This matter is before the Court on several motions of Defendants Construction & Service Insurance Trust (hereinafter "C & SIT") and Insurers Administrative Corporation (hereinafter "IAC"): (1) Defendants' Motion to Dismiss Portions of Plaintiffs' First Amended Complaint; (2) Defendants' Motion to Strike Claims for Punitive and Extracontractual Damages from Plaintiffs' First Amended Complaint; and (3) Defendants' Motion to Strike Plaintiffs' Demand for Jury Trial.
Plaintiffs first filed their complaint on May 10, 1993. Subsequently, in an Order entered April 15, 1994, the Court granted Plaintiffs leave to file an Amended Complaint. Plaintiffs filed their First Amended Complaint that same day. Plaintiffs assert five ERISA claims against Defendants. Count I alleges that Defendants wrongfully denied Plaintiffs health care benefits due under an ERISA plan. Count II asserts that Defendants breached their fiduciary duties under ERISA. Count IV asserts that Defendants *1351 failed to provide Plaintiffs with information regarding the ERISA plan. Count V claims that Defendants failed to give Plaintiffs statutorily required notice of their right to continue coverage (COBRA notice). Count VI alleges a breach of co-fiduciary duty. In Count III, Plaintiffs assert a federal common law claim based on equitable estoppel. In Counts VII-X Plaintiffs plead various Missouri common law claims.
Plaintiff Robert Mathis is a former employee of Harbert International, Inc. Plaintiff Robert Mathis alleges that during his employment with Harbert, he was enrolled in an ERISA group health benefit plan provided by Defendant C & SIT and administered by American Group Life Insurance Company. Plaintiff was terminated from Harbert on September 12, 1990. Plaintiff contends that the following day he executed a document changing his health insurance coverage from a family plan to an individual plan. Plaintiff claims that he had sufficient funds in his hour bank account with the Trust to provide him with individual health coverage until July 1, 1991.
Plaintiffs contend that Robert Mathis was admitted to Missouri Hospital on May 9, 1991 and diagnosed as needing immediate heart surgery. According to Plaintiffs, their daughter notified Corporate Benefit Administrators Inc., administrator for the Trust, to precertify Mr. Mathis' coverage for heart surgery. Plaintiffs contend that their daughter was informed that Mr. Mathis' coverage would remain in effect until July 1, 1991 and that his surgery would be precertified. Plaintiff Robert Mathis further contends that following surgery he was informed by Defendant IAC that he did not have insurance coverage for the surgery and related health care.
Defendants C & SIT and IAC, move this Court to dismiss portions of Plaintiffs' First Amended Complaint, strike Plaintiffs' claims for punitive and extracontractual damages, and to strike Plaintiffs' demand for a jury trial.

I. DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants C & SIT and IAC seek dismissal of Counts III, VII, VIII, IX, and X of Plaintiffs' First Amended Complaint for failure to state a claim pursuant to Fed. R.Civ.P. 12(b)(6). In passing on a motion to dismiss, a court must view the allegations in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir.1978), cert. denied, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979).
Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982).
Defendants C & SIT and IAC seek dismissal of Counts III and VII through X on grounds that these are state law claims that they "relate to" an ERISA plan and are preempted by ERISA.
Defendant C & SIT seeks dismissal from Count IV which sets forth a claim for damages under ERISA § 502, 29 U.S.C. § 1132(c)(1)(B), based on Defendants' alleged failure to furnish certain Plan information to Plaintiffs. Defendant C & SIT seeks dismissal from Count IV on grounds that such relief may only be recovered from the Plan Administrator and C & SIT did not occupy that role.
Defendants C & SIT and IAC seek dismissal from Count V which seeks recovery of damages under ERISA § 502(c)(1)(A), 29 U.S.C. 1132(c)(1)(A) for Defendants' alleged failure to provide Plaintiff Robert Mathis with proper notice of entitlement to continue health coverage (COBRA notice) under ERISA § 606, 29 U.S.C. § 1166. Defendants C & SIT and IAC seek dismissal from this count on grounds that such a claim can *1352 only brought against the then Plan Administrator, who Plaintiffs identify as Defendant American Group Life Insurance Company.
Defendant C & SIT also seeks dismissal from Counts III and VI. These counts set forth claims for damages based on fiduciary breach under 29 U.S.C. §§ 1105, 1109, and 1132(a)(3). Defendant C & SIT seek dismissal from these claims on grounds that Plaintiffs fail to plead sufficient facts to establish that C & SIT was a fiduciary as defined by ERISA.

A. PREEMPTION OF STATE LAW CLAIMS SET FORTH IN COUNTS III AND VII THROUGH X

Defendants IAC and C & SIT move for dismissal of Counts III and VII through X of Plaintiffs' First Amended Complaint on grounds that these Counts allege state law claims that "relate to" an employee benefit plan and are preempted by ERISA. ERISA's preemption provision is sweeping:
[T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title.
29 U.S.C. § 1144(a) (emphasis added). "The pre-emption clause is conspicuous for its breadth." FMC Corp. v. Holliday, 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990). The purpose of the clause was to "`establish pension plan regulation' as exclusively a federal concern." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987) (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981)).
The central issue in this case is whether Plaintiffs' state law claims "relate to" an employee benefit plan. The Supreme Court has explained that a state law "relates to" an employee benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). The state law need not be "specifically designed to affect employee benefit plans." Id. at 98, 103 S.Ct. at 2900. In Pilot Life, supra, the Court held that an employee's breach of contract and tort claims against his plan's insurer "related to" the plan, because both claims were based on "alleged improper processing of a claim for benefits under an employee benefit plan." 481 U.S. at 47-48, 107 S.Ct. at 1553.
Similarly, the Supreme Court in Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 141-42, 111 S.Ct. 478, 484, 112 L.Ed.2d 474 (1990), held that ERISA preempted an employee's state law claim that his employer had wrongfully discharged him to avoid making pension fund contributions on his behalf. In so holding, the Court noted that "to prevail, a plaintiff must plead, and the court must find, that an ERISA plan exists and that the employer had a pension-defeating motive in terminating the employment." Id. at 140, 111 S.Ct. at 483. In contrast, the Court in Mackey v. Lanier Collection Agency & Service, Inc., 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), held that ERISA did not preempt a state's general garnishment statute, even though the plan participants were subject to collection. The fact that garnishments would impose substantial administrative burdens and costs on employee benefit plans did not mean the garnishment statute "related to" such plans for preemption purposes. Id. at 831-41, 108 S.Ct. at 2186-91.
The Eighth Circuit has considered the following factors in determining whether a state law "relates to" an employee benefit plan:
whether the state law negates an ERISA plan provision ..., whether the state law affects relations between primary ERISA entities ..., whether the state law impacts the structure of ERISA plans ..., whether the state law impacts the administration of ERISA plans ..., whether the state law has an economic impact on ERISA plans ..., whether preemption of the state law is consistent with other ERISA provisions ..., and whether the law is an exercise of traditional state power....
Arkansas Blue Cross & Blue Shield v. St. Mary's Hosp. Inc., 947 F.2d 1341, 1344-45 *1353 (8th Cir.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 2305, 119 L.Ed.2d 227 (1992). See also Barnes Hospital v. Sanus Passport/Preferred Services, Inc., 809 F.Supp. 725, 727 (E.D.Mo.1992) (reciting the Eighth Circuit's factors for determining whether a state claim "relates to" an ERISA plan). The court in St. Mary's held that ERISA preempted a state statute permitting assignment of plan benefits to non-participating health care providers, because the state law negated an anti-assignment clause in the plan, altered the relationship between the claims administrator and beneficiaries, increased the administrative burden on the claims administrator, subjected multistate plans to the possibility of conflicting assignment rules, and imposed an economic burden on plans by deterring providers from entering participation agreements. Id. at 1344-51.
In Barnes Hospital v. Sanus Passport/Preferred Services, Inc., 809 F.Supp. 725 (E.D.Mo.1992), this court applied the St. Mary's factors to a negligent misrepresentation claim filed by a hospital against the insurer of an ERISA plan. The hospital claimed that it admitted an insured plan member and provided him with extensive medical care in reliance upon the insurer's pre-certification, then was later denied reimbursement of expenses in excess of a plan ceiling. Id. at 727. The Court held that the negligent misrepresentation claim negated a plan provision imposing a $100,000 limit on coverage, thereby affecting the plan structure and relationships among plan entities. Id. The state claim also interfered with the plan administrator's discretion to verify coverage, and subjected the plan to over $800,000 in additional medical expenses. Id. at 727-28. After considering the foregoing factors, the Court concluded that the negligent misrepresentation claim "related to" an employee benefit plan and was preempted by ERISA.
Recently, the Eighth Circuit in Howe v. Varity Corp., 36 F.3d 746 (8th Cir.1994), upheld the District Court's rejection of plaintiffs' state law fraudulent misrepresentation claim stating that "[w]e have held that a state-law claim of fraudulent misrepresentation is preempted by ERISA." Id. (citing Consolidated Beef Industries, Inc. v. New York Life Ins. Co., 949 F.2d 960 (8th Cir. 1991)). The Eighth Circuit noted that acts of fraud may be relevant to an ERISA claim or actionable under ERISA. Id. However, "if they are, it is because they violate the statute, not because they would be tortious under the common law of any state." Id. at 753.
Defendants IAC and C & SIT claim that Plaintiffs' claims for equitable estoppel, negligent performance of an assumed duty, breach of contract based on oral and written representations, negligent misrepresentation, and breach of contract to provide insurance "relate to" the employee benefit plan and, therefore, are preempted by ERISA. Applying the St. Mary's factors, Defendants assert that Plaintiffs' state claims would: (1) drastically impact Plan operation and administration; (2) expand and alter the relationships between Plaintiff and the Plan by creating additional contractual duties and relationships based on extracontractual representations; (3) have a severe economic impact on the Plan by requiring it to pay claims in excess of amounts otherwise called for under the terms of the Plan; and (4) create rights with respect to the Plan based upon unwritten representations and alleged oral contracts which would negate ERISA's written Plan requirements. (Memo in Support of Dfts' Mtn to Dismiss Portions of Pltfs' First Amended Compl., pgs. 8-9).
The Court finds Defendants' application of the St. Mary's factors persuasive. In addition, the Court finds the Supreme Court's decision in Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), of particular relevance because the facts of the instant case follow those in Pilot Life.
In Pilot Life, plaintiff employee sued defendant, Pilot Life Insurance, for disability benefits under a long-term disability employee benefit plan established by plaintiff's employer. 481 U.S. at 43-44, 107 S.Ct. at 1551. In the years following plaintiff's initial claim, defendant terminated and reinstated plaintiff's benefits several times. Plaintiff, similar to Plaintiffs in the instant case, brought suit seeking damages for mental and emotional *1354 distress and other incidental damages, as well as punitive and exemplary damages under common law counts of tortious breach of contract, breach of fiduciary duties, and fraud. Id. at 43-44, 107 S.Ct. at 1551. Each claim alleged improper processing of a claim for benefits under an ERISA benefit plan. Id. at 47-48, 107 S.Ct. at 1553. The Court stated that "the common law causes of action" raised in [plaintiff's] complaint, each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for preemption under [ERISA's preemption clause]. Id. The Court held that ERISA preempted the state common law actions for damages, for enforcement of rights, and improper processing of benefits under an employee benefit plan because they conflicted with the statute's exclusive enforcement mechanism under § 502(a), 29 U.S.C. § 1132(a). Pilot Life, 481 U.S. at 47-48, 51-54, 107 S.Ct. at 1553, 1555-1556.
Relying on Pilot Life, the Court finds that ERISA preempts Plaintiffs' state law claims set forth in Counts VII-X which are premised on the alleged improper operation of an ERISA plan and improper processing of a benefit claim.[1] These state law claims are preempted even if C & SIT is found to be a non-fiduciary.[2] In addition to Pilot Life, various opinions by both the District Courts and Court of Appeals within the Eighth Circuit support the Court's decision that Plaintiffs' state law claims are preempted.

1. Counts III, VIII, and IX: Negligent Misrepresentation

Plaintiffs' claims in Counts III, VIII (incorrectly labeled as VII) and IX based on allegations that Plaintiff Robert Mathis' coverage was negligently misrepresented and that the misrepresentation creates a right to extracontractual damages are preempted. This conclusion is supported by the Court's decision in Barnes Hosp. v. Sanus Passport/Preferred Services, 809 F.Supp. 725, 728 (E.D.Mo.1992).
The District Court for the Eastern District of Missouri in Barnes, 809 F.Supp. 725, 728 (E.D.Mo.1992) held that ERISA preempted the hospital's negligent misrepresentation claim against the insurer of the ERISA plan. In so holding, the court explained that
[t]he court recognizes that United States Courts of Appeals other than the Eighth Circuit have found that, on similar facts, a service providers' state common law claims were not preempted. See Hospice of Metro Denver, Inc. v. Group Health Ins. of *1355 Oklahoma, Inc., 944 F.2d 752 (10th Cir. 1991) ...; Memorial Hosp. System v. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir.1990) ... However, at least one other circuit has found that such claims are preempted. See Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272 (6th Cir.1991) ... In light of the relevant Eighth Circuit precedent and the recent decision from the Western District of Missouri, [Coonce v. Aetna Life Ins. Co., 777 F.Supp. 759 (W.D.Mo.1991)] the Court finds that plaintiffs' claim against defendants ... is preempted by ERISA.
809 F.Supp. 725, 728 (E.D.Mo.1992). See Anderson v. John Morrell & Co., 830 F.2d 872 (8th Cir.1987); Agee v. Armour Foods, 672 F.Supp. 1210, 1216-17, aff'd, 834 F.2d 144 (8th Cir.1987) (holding that claims of misrepresentation asserted to enlarge benefits are preempted by ERISA).
Similarly, the District Court for the Western District of Missouri in Coonce v. Aetna Life Ins. Co., 777 F.Supp. 759, 767-68 (W.D.Mo.1991), held that plaintiffs' common law claims for negligent misrepresentation were preempted by ERISA because the misrepresentations sought to modify the written terms of the ERISA plan. Based on the foregoing case law, the Court finds that Plaintiffs' state law claims based on negligent misrepresentation are preempted by ERISA. As such, Plaintiffs' claims in Counts III, VIII, and IX are dismissed to the extent that they assert claims based on negligent misrepresentation.

2. Count VII: Negligent Breach of Duty

Plaintiffs' claim for negligent breach of duty set forth in Count VII is likewise preempted by ERISA. In Count VII, Plaintiffs seek relief not specified in ERISA § 502(a), 29 U.S.C. § 1132(a), alleging a common law tort theory of negligent breach of duty. ERISA preempts common law tort claims for damages the existence of which relates to the interpretation or operation of an employee benefit plan. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. at 47-48, 54-56, 107 S.Ct. at 1553, 1556-1557; Agee v. Armour Foods Co., 672 F.Supp. 1210, 1214-16 aff'd, 834 F.2d 144 (8th Cir.1987) (stating that common law tort claims for breach of contract, and for breach of obligation to provide separation benefits are preempted by ERISA); Harper v. R.H. Macy & Company, Inc., 920 F.2d 544, 546 (8th Cir.1990) (finding that ERISA's comprehensive regulatory scheme preempts common law tort and contract claims). In the instant case, Plaintiffs' claim for negligent breach of duty is based on the interpretation, operation, or application of an employee benefit plan. As such, Plaintiffs' state law claim set forth in Count VII is preempted by ERISA. Therefore, the Court will grant Defendants' motion to dismiss Count VII.

3. Count III: Equitable Estoppel

In Count III, Plaintiffs assert a federal common law equitable estoppel claim. The Court denies Defendants' motion to dismiss Plaintiffs' federal common law claim for equitable estoppel as set forth in Count III of Plaintiffs' First Amended Complaint. The Court also notes that Plaintiffs assert equitable estoppel as a basis for relief under federal common law as opposed to state law. Defendants consistently group Plaintiffs' equitable estoppel claim with Plaintiffs' state law claims that appear in other Counts of Plaintiffs' First Amended Complaint. However, if Plaintiffs seek relief on state-law equitable estoppel theories, such claims are preempted. Preemption of state law equitable estoppel claims is consistent with ERISA, because the federal common law of ERISA authorizes actions for equitable estoppel. National Companies Health P. v. St. Joseph's Hosp., 929 F.2d 1558, 1571-72 (11th Cir.1991); Coonce v. Aetna Life Ins. Co., 777 F.Supp. 759, 769-70 (W.D.Mo.1991).
Recently, in Howe v. Varity Corp., 36 F.3d 746 (8th Cir.1994), the Eighth Circuit Court of Appeals held that [the decision of the District Court below] did not bar Plaintiffs from urging on appeal that they were entitled to relief on the basis of estoppel. 36 F.3d at 752-53. However, the Howe court found it unnecessary to analyze the claim for relief based on estoppel because the court upheld the claim for breach of fiduciary duty. Id. at 756 n. 5.
*1356 Similarly, in Coonce v. Aetna Life Ins. Co., 777 F.Supp. 759, 769 (W.D.Mo.1991), the Court concluded that the Eighth Circuit's decisions "suggest that the court would be willing to fashion a federal common law action for equitable estoppel under certain circumstances." Based on that conclusion, the court in Coonce, proceeded to fashion a remedy based on equitable estoppel. Id. at 771.
Based on Howe and Coonce, the Court finds that Plaintiffs can maintain a cause of action for equitable estoppel based on federal common law. On the existing record, the Court cannot say that Plaintiffs could prove no set of facts upon which they could recover on the basis of equitable estoppel. As such, the Court will deny Defendants' Motion to Dismiss Count III of Plaintiffs' First Amended Complaint to the extent that Count III asserts a claim based on federal common law estoppel.

4. Counts VIII (mislabeled as VII) and X: Common Law Contract Claims

In Counts VIII and X, Plaintiffs assert claims based on breach of contract and breach of promise to provide insurance, respectively. ERISA preempts common law causes of action and remedies for breach of contract and misrepresentation when they relate to an employee benefit plan. See Anderson v. John Morrell & Company, 830 F.2d 872, 875 (8th Cir.1987) (holding that common law claim based on contract right to have plan modified related to the ERISA plan and was preempted); Coonce v. Aetna Life Ins. Co., 777 F.Supp. 759, 765 (W.D.Mo. 1991) (entering summary judgment for defendant on plaintiff's breach of contract claim); Bohlmann v. Logos School, 669 F.Supp. 951, 952 (E.D.Mo.1987) (relying on Pilot Life in holding that ERISA preempts state common law causes of action based on a denial of benefits and dismissing claims based on common law breach of contract and fraud); and Agee v. Armour Foods Co., 672 F.Supp. 1210, 1214-1216 (W.D.Mo.1986) (holding that claim for breach of contract was preempted by ERISA). Based on the decisions of the District Courts and Court of Appeals within the Eighth Circuit, the Court finds that Plaintiffs' state law breach of contract claims are preempted by ERISA. Therefore, the Court will grant Defendants' motion to dismiss Counts VIII and X of Plaintiffs' First Amended Complaint.

B. DISMISSAL OF C & SIT FROM COUNT IV

Defendant C & SIT seeks dismissal from Count IV on grounds that actions under 29 U.S.C. § 1132(c)(1)(B) may only be brought against a plan administrator. In Count IV, Plaintiffs allege that Defendants violated ERISA §§ 104 and 105, 29 U.S.C. § 1024 and § 1025 by failing to provide Plaintiffs with information regarding Plaintiffs' ERISA health care plan and, therefore, Plaintiffs are entitled to damages under § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B). That section provides:
[a]ny administrator ... who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary ... may in the court's discretion be personally liable to such participant or beneficiary in the amount of $100. a day.
29 U.S.C. § 1132(c)(1)(B). Where the entity that is the plan administrator is clearly separate and distinct from the Plan and the plan sponsor, then only the administrator is a proper defendant to such actions. Moran v. Aetna Life Ins. Co., 872 F.2d 296, 299-300 (9th Cir.1989) (holding that because defendant was "not designated the plan administrator in the policy and [was] not the plan sponsor, it [was] not liable [for failure to provide plaintiff with requested plan documents]"). Unlike Moran where the parties agreed that defendant was not a plan administrator, on the record of the instant case, it is not clear that C & SIT could not be considered the plan administrator of the ERISA plan at issue. For purposes of ERISA, the administrator is the "person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(i). The Plan instrument does not appear in the record. Therefore, the Court cannot determine which party was "specifically designated" the administrator of the plan.
*1357 Section 1002(16)(A)(ii) provides that if an administrator is not designated, the "plan sponsor" is the administrator. Subsection (B)(iii) defines the "plan sponsor" in a multi-employer plan, as "the association, committee, joint board of trustees, or other similar group of representatives of the parties who established or maintain the plan." Based on the record which does not contain the Plan document, the Court cannot determine the role of C & SIT in relation to the Plan. Because the Court finds that factual issues exist regarding Defendant C & SIT's role in administering the Plan, a motion to dismiss on grounds the C & SIT was not the administrator is improper at this point. Therefore, the Court will deny, without prejudice, Defendant C & SIT's motion to be dismissed as a defendant from Count IV of Plaintiffs' First Amended Complaint.

C. DISMISSAL OF C & SIT AND IAC FROM COUNT V

Defendants C & SIT and IAC seek dismissal as defendants from Count V on grounds that actions for penalties pursuant to 29 U.S.C. § 1132(c)(1)(A) can only be maintained against the Plan administrator. Count V seeks damages based on Defendants' failure to provide Plaintiff Robert Mathis with notice of his right to continue coverage pursuant to 29 U.S.C. §§ 1161(a), 1166(a)(4)(A), (c). In the event that a plan participant does not receive the statutorily required notice, ERISA provides that damages of up to $100. per day may be assessed against the plan administrator. Section 1132(c)(1) provides that:
[a]ny administrator (A) who fails to meet the [notice] requirements of paragraph (1) or (4) of section 1166 ... with respect to a participant or a beneficiary, ... may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100. a day from the date of such failure.
Id. Cases considering the issue of assessing penalties under 29 U.S.C. § 1132(c)(1)(A) for failure to provide COBRA notice, have concluded that only the plan administrator may be held liable, not the plan or the plan sponsor. See Phillips v. Riverside, Inc., 796 F.Supp. 403, 411 (E.D.Ark.1992) (citing Porcellini v. Strassheim Printing Co., 578 F.Supp. 605, 612-614 (E.D.Pa.1983) where the court held that the penalties provided in § 1132(c) were intended to induce compliance by plan administrators); Paris v. F. Korbel & Brothers, Inc., 751 F.Supp. 834, XXXXXXXXXXX (N.D.Cal.1990).
Defendant C & SIT maintains that it cannot be liable for damages under 29 U.S.C. § 1132(c)(1)(A) because C & SIT was the provider of the Plan, as opposed to the Plan administrator. Defendant C & SIT's motion to dismiss C & SIT as defendant from Count V will be denied at this time because, as stated above, factual questions remain regarding whether C & SIT acted as an administrator of the ERISA plan, or was, as a plan sponsor of a multi-employer plan, the administrator of the plan under 29 U.S.C. § 1002(16)(a)(ii); (B)(iii). Because of the unresolved factual questions, the Court will deny, without prejudice, the motion of Defendant C & SIT to be dismissed from Count V of Plaintiffs' First Amended Complaint.
With regard to IAC, Plaintiffs allege the IAC was the successor in interest and the successor administrator to Corporate Benefits Administrator, Inc. (hereinafter "CBA"). (Amended Complaint ¶ 6). Defendants maintain that Defendant IAC became plan administrator on July 13, 1991. (Wood Aff. ¶ 3, attached to Dfts' Mtn to Dismiss for Improper Venue).
Plaintiff was terminated from his position with Harbert International Inc. on September 12, 1990. (Amended Complaint ¶ 12). Defendant IAC alleges that at that time, the plan administrator was AGLIC and AGLIC should have provided notice of Plaintiff's right to continue Plan coverage under 29 U.S.C. § 1162 on or before October 1990. 29 U.S.C. § 1166(a)(4)(A); (c). (Amended Complaint ¶¶ 42-44). Furthermore, Defendants allege the IAC cannot be liable for failure to provide Plaintiff COBRA notice because IAC cannot be held liable as a successor administrator.
Section 29 U.S.C. § 1109(b) limits the liability of successor fiduciaries:

*1358 No fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary.
29 U.S.C. § 1109(b).
Regarding IAC, Plaintiffs maintain that IAC cannot be relieved of liability under Count V of Plaintiffs' Complaint because IAC acted on the errors of its predecessors, who denied Plaintiff Mr. Mathis coverage. In addition, Plaintiffs argue that even cases construing 29 U.S.C. 1109(b)'s exemption of fiduciaries from liability for breaches committed before they became fiduciaries imply that a successor fiduciary which participated in determinations concerning the status of the plan, or which have knowledge of or responsibility for subsequent actions or inaction alleged by plaintiffs, is not exempt from liability for breach of an earlier fiduciary duty. Baeten v. Van Ess, 446 F.Supp. 868 (E.D.Wis.1977). In Baeten, the court found that all of the decisions affecting the plaintiff's status under the plan were made before the defendant assumed the role of trustee and that the defendant "not only had no involvement in the determination of the plaintiff's status, but it also had no knowledge or responsibility for any subsequent inaction alleged by plaintiffs." Id. at 869.
Despite this decision of the Eastern District of Wisconsin, the Court finds that Defendant IAC should not have successor fiduciary liability for its alleged failure to correct the fiduciary breaches of its predecessors.
The breach at issue in Count V of Plaintiffs' First Amended Complaint is the failure of American Group Life Insurance Company (hereinafter "AGLIC") to provide Plaintiff Robert Mathis with COBRA notice, pursuant to 29 U.S.C. § 1166(a), upon his termination of employment. (Amended Complaint ¶ 43-44). Plaintiffs claims that they were harmed because Mr. Mathis did not receive COBRA notice in time so that he could have elected coverage for the medical expenses that he incurred in May of 1991.
Defendant IAC could not have corrected Defendant AGLIC's failure to provide COBRA notice within the proper time period because IAC did not even become plan administrator until July 13, 1991. (Wood Aff. ¶ 3, attached to Dfts' Mtn to Dismiss for Improper Venue). Plaintiff was terminated from employment on September 12, 1990. (Pltfs' Amended Complaint ¶ 42). Plaintiffs allege that Defendant AGLIC was administrator of the health Plan prior to January 31, 1991 when it was succeeded by Canyon Benefit Administrator, Inc. (Amended Complaint ¶ 11, 15, 16, 19). Plaintiff Robert Mathis was hospitalized and received the heart surgery at issue during May of 1991. (Amended Complaint, ¶ 16). Defendant IAC did not become plan administrator until July 13, 1991. (West Aff ¶ 3, attached to Dfts' Mtn to Dismiss for Improper Venue). Because Defendant IAC did not become claims administrator until several months after Plaintiff Robert Mathis' hospitalization, IAC could not have taken any action that would have affected the essence of Plaintiffs' claim based on failure to provide COBRA notice set forth in Count V of Plaintiffs' First Amended Complaint. As such, Defendant IAC will be dismissed as a Defendant with regard to Count V of Plaintiffs' First Amended Complaint.

D. DISMISSAL OF C & SIT FROM COUNTS II, III, AND VI

Defendant C & SIT seeks dismissal from Counts II, III, and VI on grounds that Plaintiffs have failed to plead any facts supporting their assertion in paragraph eight of their Amended Complaint that C & SIT was a fiduciary of Plaintiffs' ERISA health insurance plan.[3] Defendant C & SIT *1359 further states that the facts actually plead, indicate that C & SIT was not a fiduciary with respect to the Plan. ERISA provides that
a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.
29 U.S.C. § 1002(21)(A). Plaintiff alleges that Defendants were authorized to act as fiduciaries and agents of Defendant, Construction and Service Insurance Trust, and with the full authority and consent of Construction and Service Insurance Trust to administer the ERISA group health plan. (Pltfs' First Amended Complaint, ¶ 19). In Count II of Plaintiffs' First Amended Complaint, Plaintiffs allege that "Defendants acted as fiduciaries of Plaintiff, Robert Mathis's, ERISA health care plan, and owed fiduciary duties to Plaintiff to provide Plaintiff with benefits due pursuant to the plan, and to protect Plaintiffs' rights in said plan." (Pltfs' First Amended Complaint, ¶ 26). In Count III, Plaintiffs allege that Defendants made material misstatements of fact including: "Defendant, Construction and Service Insurance Trust's, representations, through its administrators, that Plaintiffs entitlements to health benefits under the ERISA plan would be honored." (Pltfs' First Amended Complaint, ¶ 30(d)). The Court cannot resolve Defendant C & SIT's fiduciary status on the present record. See Olson v. E.F. Hutton & Co., Inc., 957 F.2d 622, 626-27 (8th Cir.1992) (plan trustees raised factual dispute as to whether account broker was ERISA fiduciary, precluding summary judgment).
In passing on a motion to dismiss, a court must view the allegations in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Viewing the allegations most favorably to the Plaintiffs' the Court finds that a factual dispute exists as to whether Defendant C & SIT was a fiduciary of the plan. As such, the Court will deny, without prejudice, Defendant C & SIT's motion to Dismiss C & SIT as a defendant from Counts II, III, and VI of Plaintiffs' First Amended Complaint.

II. DEFENDANTS' MOTION TO STRIKE CLAIMS FOR PUNITIVE AND EXTRACONTRACTUAL DAMAGES

Defendants C & SIT and IAC also move the Court to strike Plaintiffs' claims for punitive and extracontractual damages. In Counts I, III, and VII through X, Plaintiffs seek recovery of punitive and extracontractual damages. Extracontractual damages are damages "other than the payment of benefits owed under a plan." Howe v. Varity Corp., 36 F.3d 746, 754-55 (8th Cir.1994).
The enforcement remedies provided in ERISA are meant to be exclusive. See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 141-45, 111 S.Ct. 478, 484-486, 112 L.Ed.2d 474 (1990). Given the exclusive nature of remedies for the enforcement of ERISA plans under 29 U.S.C. § 1132(a), courts have repeatedly held that ERISA does not authorize extracontractual, compensatory, or punitive monetary damages. See, e.g., Pilot Life Insurance Co. v. Dedeaux, supra; Novak v. Andersen, 962 F.2d 757 (8th Cir.1992) cert. denied, ___ U.S. ___, 113 S.Ct. 2928, 124 L.Ed.2d 678 (1992) (stating that claims for monetary damages to compensate for losses arising from administrator's alleged breach of duty by providing incorrect tax advice were demands for extracontractual damages and were not authorized by ERISA).
Similarly, the Supreme Court in Mertens v. Hewitt Associates, ___ U.S. ___, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), found that ERISA's carefully integrated enforcement mechanism does not include as other appropriate *1360 equitable relief, extracontractual monetary or punitive damages for breach of duties under the plan.
The Eighth Circuit has also held that ERISA's remedies are exclusive. In In re Life Ins. Co. of North America, 857 F.2d 1190, 1194 (8th Cir.1988), the court found that plaintiff's claims for extracontractual damages were preempted. In North America, the plaintiff sought benefits under an insured long term disability plan underwritten by defendant. Id. at 1191. When defendant insurer discontinued plaintiff's disability benefits, plaintiff sued for extracontractual damages under Missouri law for breach of contract, and vexatious refusal to pay insurance benefits. Id. The court relied on the Supreme Court's decision in Pilot Life in finding that plaintiff's claims for extracontractual damages were preempted. Id. at 1194. See also Bohlmann v. Logos School, 669 F.Supp. 951, 953 (E.D.Mo.1987) (granting defendant's motion to strike plaintiff's request for punitive damages and compensatory damages for emotional distress).
Recently, the Eighth Circuit in Howe reaffirmed its view that claims for punitive damages are not cognizable under ERISA. 36 F.3d 746, 753. In Howe, the Eighth Circuit affirmed the District Court's denial of punitive damages stating that "only equitable relief, as opposed to damages, is available under ERISA ... and punitive damages are not, by any stretch of the imagination, equitable relief." Id. at 753. (citing Novak v. Andersen Corp., 962 F.2d 757, 761 (8th Cir. 1992). In so holding, the Howe Court relied on Novak where the court explained that
ERISA § 502(a) is the only section in the ERISA scheme which provides for enforcement of an ERISA plan and relief to its beneficiaries. Nowhere does it allow damages which are reasonably foreseeable from a breach of a plan, as would generally be available in a legal action for breach of contract ... Absent some specific indication by Congress that it intended to offer a form of relief not explicitly provided for by the governing provisions, we cannot conclude that the statute itself affords [plaintiff] the relief he is requesting [extracontractual, non-benefit money damages].
Novak, 962 F.2d at 759-760.
The Court is not convinced by Plaintiffs' argument that they are entitled to recover punitive and extracontractual damages on grounds that because Plaintiffs are seeking legal recovery (money damages as benefit recovery under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)), the nature of their claim is legal.
Actions arising under ERISA are equitable, as opposed to legal. As the Eighth Circuit has noted in In re Vorpahl and Novak, simply because ERISA authorizes recovery of traditionally legal relief, such as money damages, that does not change the basic character of the relief provided or expand the types of relief available under the statute. 695 F.2d 318 (8th Cir. 1982); 962 F.2d 757. Plaintiffs' distinction between legal and equitable relief is not consistent with the comprehensive and exclusive nature of ERISA's enforcement scheme. The remedies provided in ERISA § 1132 are exclusive.
Plaintiffs rely on Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 144-45, 111 S.Ct. 478, 486, 112 L.Ed.2d 474 (1990), in requesting the Court to expand the remedies provided by ERISA's remedial scheme contained in 29 U.S.C. § 1132. However, this argument is based upon dicta in Ingersoll. Furthermore, the court in Medina v. Anthem Life Ins. Co., 983 F.2d 29 (5th Cir.1993) addressed precisely the same argument based on Ingersoll that Plaintiffs put forth. The court in Medina rejected that argument and held that claims for extracontractual and punitive damages are not recoverable in an action for money damages/benefit recovery under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Specifically, the court held that
[w]e join the [Seventh, Eleventh] and other circuits that have held that section 502(a)(1)(B) does not allow the recovery of extracontractual or punitive damages. Like the court in Harsch, [Harsch v. Eisenberg, 956 F.2d 651 (7th Cir.1992)], we are reluctant to believe that the Supreme Court intended us to create a body of *1361 federal common law based upon an offhand statement in Ingersoll-Rand. The more direct language in Pilot Life, 481 U.S. at 54, 107 S.Ct. at 1556 ... and [Massachusetts Mutual Life Ins. Co. v.] Russell, 473 U.S. [134] at 144, 105 S.Ct. [3085] at 3091 [87 L.Ed.2d 96] ... [(1985)] shows that the Court felt that the statutory enforcement scheme Congress created for ERISA in section 502(a) did not include a private remedy for extracontractual and punitive damages. Without explicit instructions from Congress, we are bound to the plain language of the statute that limits suits to the terms of the plan at issue, rather than arbitrarily extending its scope to include suits for extracontractual and punitive damages.
983 F.2d at 32-33. The Court finds the Fifth Circuit's explanation of the dicta in Ingersoll persuasive. The Court is not convinced by Plaintiffs' argument based on Ingersoll for an expansion of remedies provided under ERISA.
The Court does not need to determine whether punitive and extracontractual remedies are available for Plaintiffs' state law claims set forth in Counts VII through X, because the Court has already determined the Plaintiffs' state law claims as a whole are preempted by ERISA. However, the Court notes that the case upon which Plaintiffs' rely to argue that they are entitled to punitive and extracontractual damages with respect to state law claims, Monson v. Century Manufacturing Co., 739 F.2d 1293 (8th Cir.1984), is no longer good law in light of the Supreme Court's holding in Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). In Russell, the Court held that ERISA does not provide a cause of action for extra contractual or punitive damages to a beneficiary caused by improper processing of a benefit claim. Id.

III. DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' JURY DEMAND

Defendants C & SIT and IAC also move the Court to strike Plaintiffs' jury demand. Plaintiffs are not entitled to a jury trial for claims arising under 29 U.S.C. § 1132. In re Vorpahl, 695 F.2d 318, 320-22 (8th Cir.1982). A plaintiff's right to a jury trial under the Seventh Amendment of the United States Constitution is not violated by this restriction. Kirk v. Provident Life and Accident Insurance Company, 942 F.2d 504, 506 (8th Cir.1991) (citing In re Vorpahl, 695 F.2d at 322).
In In re Vorpahl, plaintiffs sought current and future benefits stating that prior denial of benefits violated ERISA and that jurisdiction was proper under 29 U.S.C. § 1132. 695 F.2d 318. The Eighth Circuit held that actions brought for benefits under ERISA plans do not warrant a jury trial because such actions are equitable in nature and equitable actions are not entitled to a jury trial. In addition, the court stated that jury trials are not required by ERISA's comprehensive enforcement scheme. Id. at 320-321. (citing Wardle v. Central States, Southeast & Southwest Areas Pension Fund, 627 F.2d 820 (7th Cir.1980), cert. denied, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981)). The Eighth Circuit and the Missouri District Courts have adopted this conclusion a number of times. See Browning v. Grote Meat Co., 703 F.Supp. 790, 794-795 (E.D.Mo.1988); Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421, 430-431 (E.D.Mo.1984) aff'd, 780 F.2d 20 (8th Cir.1985); Hechenberger v. Western Electric Co., Inc., 570 F.Supp. 820, 822 (E.D.Mo.1983) aff'd 742 F.2d 453 (8th Cir.1983), cert. denied, 469 U.S. 1212, 105 S.Ct. 1182, 84 L.Ed.2d 330 (1985).
Relying on Novak v. Andersen Corp., 962 F.2d 757 (8th Cir.1992), cert. denied, ___ U.S. ___, 113 S.Ct. 2928, 124 L.Ed.2d 678 (1993), Plaintiffs argue that they are entitled to a jury trial because the "legal" claims that they have made for money damages may be tried to a jury, as opposed to "equitable claims" under 29 U.S.C. 1132(a)(3), which may not.
Plaintiffs' argument is unconvincing. The Court in Novak stated that ERISA provides a legal remedy. 962 F.2d 757. However, the Novak court's observation that ERISA provides a legal remedy allowing for recovery of monetary damages, is not a novel statement. The Court in Vorpahl addressed the very distinction that Plaintiffs attempt to draw between equitable and legal relief. In Vorpahl, *1362 the court addressed the availability of both "legal" rights under 29 U.S.C. § 1132(a)(1)(3) and "equitable" rights under ERISA, 29 U.S.C. 1132(a)(3) and determined that both constituted categories of equitable relief. 695 F.2d 318, 321. As such, jury trials are not available for either. In Vorpahl, the court noted that the type of relief demanded in an ERISA action does not make the nature of the action legal. Id. at 322.
The mere fact that petitioners pray for monetary relief in part does not mandate that this action be characterized as legal rather than equitable. See Curtis v. Loether, 415 U.S. 189, 196 [94 S.Ct. 1005, 1009, 39 L.Ed.2d 260] (1974). Rather, because any monetary relief turns on a determination of entitlement to benefits, we consider such relief to be an integral part of an equitable action.
695 F.2d at 322. For the foregoing reasons, the Court is not persuaded by Plaintiffs' argument that they are entitled to a jury trial. Rather, the Court adheres to the holding in Vorpahl that Plaintiffs are not entitled to a jury trial for claims arising under 29 U.S.C. § 1132. In re Vorpahl, 695 F.2d 318, 320-22 (8th Cir.1982).
Because Plaintiffs are not entitled to a jury trial on the instant cause of action, the Court will grant Defendants' Motion to Strike Plaintiffs' Jury Demand.
ACCORDINGLY,
IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Portions of Plaintiffs' First Amended Complaint [docket # 29] is GRANTED as to Counts VII through X, and DENIED as to Count III.
IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Portions of Plaintiffs' First Amended Complaint [docket # 29] is DENIED without prejudice as to Defendant C & SIT's motion to be dismissed as a Defendant from Counts II, III, IV, V and VI of Plaintiffs' First Amended Complaint, and GRANTED as to Defendant IAC's motion to be dismissed as a Defendant from Count V of Plaintiffs' First Amended Complaint.
IT IS FURTHER ORDERED that Defendants' Motion to Strike Claims for Punitive and Extracontractual Damages [docket # 30] is GRANTED.
IT IS FURTHER ORDERED that Defendants' Motion to Strike Plaintiffs' Demand for Jury Trial [docket # 28] is GRANTED.
NOTES
[1] Specifically, Plaintiffs allege as follows: (1) In paragraphs 55 and 56 of Count VII, Plaintiffs allege "[i]n undertaking to provide and administer health insurance ... Defendants assumed a duty." Plaintiffs further allege that Defendants negligently performed that duty by (a) failing to inform Plaintiffs of the impact of termination on participation under Plaintiffs' ERISA plan, (b) failing to properly handle coverage changes, (c) misinforming Plaintiffs about types of coverage, and (d) failing to properly interpret and apply the provisions of an ERISA plan.

(2) Count VIII sets forth violations of an alleged contract to provide ERISA benefits and improper administration of benefits thereunder.
(3) In Count IX, Plaintiffs allege that Defendants made numerous misstatements regarding coverage under and generally mishandled the administration of Plaintiffs' ERISA plan. (Amended Complaint, ¶¶ 70-79).
[2] The Eighth Circuit has held that state claims against a non-fiduciary for improper plan administration are preempted. Consolidated Beef Industries, Inc. v. New York Life Ins. Co., 949 F.2d 960, 964 (8th Cir.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1670, 118 L.Ed.2d 390 (1992).

The employer/plan administrator in Consolidated Beef sued a life insurance company and its agent for recommending a 401(k) plan that was poorly administered by the servicing company. The court held that the employer's complaints regarding inaccurate billings, interest rates, and annual statements arose "directly from the administration of the plan." Id. Similarly, Plaintiffs' claims arise directly out of Defendants' administration of the health benefit plan. (First Amended Complaint, ¶¶ 55, 56, 63-69, and 70-79).
The Court in Consolidated Beef specifically rejected the argument that the absence of an ERISA remedy against a non-fiduciary requires that a plaintiff be permitted to assert state claims that "relate to" the administration of the plan. Id. Based on Consolidated Beef, even if the Court finds that C & SIT is a non-fiduciary, Plaintiffs' state law claims in Counts VII through X are preempted as to C & SIT and the other Defendants. Whether or not Defendant C & SIT is a fiduciary under ERISA does not affect the Court's ERISA preemption analysis.
[3] In considering the pending motions, the Court will neither consider Plaintiffs' Appendix to Memorandum in Support of Plaintiffs' Resistance to Defendants' Motion to Dismiss Portions of Plaintiffs' First Amended Complaint nor citations made to the Appendix in Plaintiffs' Resistance. In considering a motion to dismiss, the court should only consider the allegations and materials pleaded in the Complaint. St. Louis Home Insulators, Inc. v. Burroughs Corp., 597 F.Supp. 100, 102 (E.D.Mo.1984) aff'd 793 F.2d 954, cert. denied, 479 U.S. 1021, 107 S.Ct. 672, 93 L.Ed.2d 723 (1986).

If the court were to consider materials outside of the pleading, the motion to dismiss would be converted to a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b)(6). The Court declines to convert the motion to dismiss into a motion for summary judgment. Therefore, the Court will not consider the materials contained in Plaintiffs' Appendix described above.